UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SAMUEL C.,[1]

                                            Plaintiff,                Case # 21-CV-81-FPG

v.                                                                   DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                            Defendant.
_____

## INTRODUCTION

Plaintiff Samuel C. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied his application for Disability Insurance Benefits ("DIB") under Title II of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 13, 14. For the reasons that follow, the Commissioner's motion is DENIED, Plaintiff's motion is GRANTED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

In December 2017, Plaintiff applied for DIB with the Social Security Administration ("the SSA"). Tr.[2] 80. He alleged disability since June 2017. *Id.* On February 24, 2020, Administrative Law Judge P.H. Jung ("the ALJ") issued a decision finding that Plaintiff is not disabled. Tr. 22-

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF Nos. 8, 9.

1

35. On November 18, 2020, the Appeals Council denied Plaintiff's request for review.  Tr. 1-4.  This action seeks review of the Commissioner's final decision.  ECF No. 1.

**LEGAL STANDARD**

**I.     District Court Review**

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g).  The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted).  It is not the Court's function to "determine *de novo* whether [the claimant] is disabled."  *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted).

**II.    Disability Determination**

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act.  *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986).  At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity.  *See* 20 C.F.R. § 404.1520(b).  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities.  *Id.* § 404.1520(c).  If the

claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 24. At step two, the ALJ found that Plaintiff has severe impairments of

degenerative disc disease of the lumbar and cervical spines, a right hip strain, and a left shoulder disorder. *Id.* At step three, the ALJ found that her impairments do not meet or medically equal any Listings impairment. Tr. 26.

Next, the ALJ determined that Plaintiff retains the RFC to perform a reduced range of medium work. Tr. 27. At step four, the ALJ found that Plaintiff could perform past relevant work. Tr. 34. In the alternative, the ALJ made a step-five finding that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. Tr. 34-35. Accordingly, the ALJ concluded that Plaintiff is not disabled. Tr. 35.

**II.    Analysis**

Plaintiff argues that remand is warranted because, *inter alia*, the ALJ erroneously evaluated some of the medical-opinion evidence. Because the Court agrees, it need not address Plaintiff's other arguments.

On June 8, 2017, Plaintiff suffered work-related injuries to his right hip and lower back. Tr. 367. Over the next several years, Plaintiff received treatment for those injuries, and his medical records contain a number of opinions from medical sources about the nature and severity of his impairments. Because Plaintiff pursued a workers' compensation claim in connection with his injuries, *see* Tr. 54, some of those medical sources framed their opinions in terms of the rules relevant to those types of claims. For example, several medical sources opined that Plaintiff was, at various times, "50%" or "100%" temporarily impaired. *See, e.g.*, Tr. 378, 577.

In his decision, the ALJ rejected several medical opinions because that they framed their opinions in those terms, concluding that such opinions were "inherently neither valuable nor persuasive" and failed to provide "function-by-function limitations." Tr. 31. The ALJ relied on

4

this rationale to reject the opinions of, among others, Luis Melgar, M.D., Kathleen Ziomek, Karen Pellicore, Cheryle Hart, M.D., Neal Siejka, and Eric Roger, M.D.  *See* Tr. 30-31.

In itself, the ALJ's rationale was permissible under the regulations.  Although the ALJ must evaluate all of the medical opinions in the record, *see* 20 C.F.R. § 404.1520c(a), the ALJ is not required to consider bare statements that a claimant is or is not disabled.  *Id.* § 404.1520b(c)(3)(i).  Nor is the ALJ required to consider the disability determinations of other governmental agencies or nongovernmental entities:

> Other governmental agencies and nongovernmental entities—such as the Department of Veterans Affairs, the Department of Defense, the Department of Labor, the Office of Personnel Management, State agencies, and private insurers—make disability, blindness, employability, Medicaid, workers' compensation, and other benefits decisions for their own programs using their own rules.  Because a decision by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits is based on its rules, it is not binding on us and is not our decision about whether you are disabled or blind under our rules.  Therefore, . . . we will not provide any analysis in our determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits.

*Id.* § 404.1504.  Accordingly, because of the differing standards between Social Security and workers' compensation, the ALJ properly rejected the medical opinions to the extent they made assertions only relevant to the latter benefit program.  *See* Tr. 30-31; *accord Edward J. v. Kijakazi*, No. 21-CV-150, 2022 WL 4536257, at *5 (N.D.N.Y. Sept. 28, 2022) (upholding the ALJ's rejection "of disability findings from workers' compensation proceedings that found Plaintiff 75% to 100% disabled," since  "[t]he assessment of disability contained in a workers' compensation report is, by regulation, not binding on [the Commissioner] and considered inherently unpersuasive").

But while the ALJ was permitted to disregard any specific conclusions or findings relevant only to other benefit programs, he could not wholly disregard a medical source's opinion to the

extent it otherwise contained competent evidence or medical opinion.  *See* 20 C.F.R. § 404.1513(a) (listing categories of evidence); *id.* § 404.1504 ("[W]e will consider all of the supporting evidence underlying the other governmental agency or nongovernmental entity's decision that we receive as evidence in your claim.").  In other words, the mere fact that a medical source issues an opinion "in the context of a workers' compensation proceeding" does not "exempt [that] opinion from § 404.1520c, which requires an ALJ to consider and articulate his consideration of *all* medical opinions."  *Betancourt-Algarin v. Kijakazi*, No. 20-CV-9327, 2022 WL 5176862, at *10 (S.D.N.Y. Aug. 5, 2022) (internal quotation marks and brackets omitted).

In this respect, the ALJ erred.  Several of the opinions that the ALJ rejected as "neither valuable nor persuasive" contained specific, detailed functional assessments that were relevant to Plaintiff's claim, and the ALJ was required to assess them pursuant to the regulations.  *See* 20 C.F.R. §§ 404.1513(a)(2)(i), 404.1520c(a).  For example, in September 2018, Dr. Hart opined that Plaintiff was 80% impaired (which was a statement the ALJ could ignore) *and* that Plaintiff was capable of work so long as he sat "most of the time," walk and stood only "occasionally," and lifted ten pounds "occasionally" (which was competent medical opinion that the ALJ was required to consider).  Tr. 1265.  In July 2019, Dr. Melgar issued a report in Plaintiff's workers' compensation proceeding in which he identified specific functional restrictions.  Tr. 1086.  In July 2019, Allison Cuzzacrea and John Bauers, M.D., opined that Plaintiff was 50% impaired *and* that Plaintiff could lift up to twenty pounds occasionally and ten pounds frequently.  Tr. 1298.  The ALJ erred by rejecting these medical opinions solely on the basis that they were relevant to Plaintiff's workers' compensation benefits.  To the contrary, these opinions contained highly relevant information about Plaintiff's ability "to perform physical demands of work activities."  20

C.F.R. § 404.1513(a)(2)(i). The ALJ was required to properly analyze the relevant portions of these opinions in accordance with 20 C.F.R. § 404.1520c.

Therefore, because "the medical opinion evidence in the record was not properly analyzed, the Court cannot conclude that the ALJ's RFC formulation, and ultimate disability determination, was supported by substantial evidence," and remand is appropriate. *Betancourt-Algarin*, 2022 WL 5176862, at *11.

## CONCLUSION

For all of the reasons stated, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 14) is DENIED and Plaintiff's Motion for Judgment on the Pleadings (ECF No. 13) is GRANTED. This matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: December 15, 2022
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York